Kaplan *v.* Greenberg, Appellant.

Argued October 18, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

538

*Harry L. Axelroth,* of *Axelroth & Porteous,* for appellant.—The remarks of plaintiff's counsel to the jury warranted the withdrawal of a juror: Saxton v. Pittsburgh Railways Co., 219 Pa. 492; Davis v. Stowe Township, 256 Pa. 89. Plaintiff was guilty of contributory negligence and failed to establish defendant's negligence: Barton v. Lehigh Valley Transit Company, 283 Pa. 577; Lessig v. Reading Transit & Light Co., 270 Pa. 299.

*Bryan A. Hermes,* for appellee.—The excessiveness of the verdict will not be reviewed: Martin v. Letter, 282 Pa. 286. As a matter of law plaintiff was not guilty of contributory negligence: Weber v. Greenebaum, 270 Pa. 383; Black v. Mark, 273 Pa. 138.

OPINION BY TREXLER, J., December 13, 1928:

The servant of the defendant was operating an automobile in an eastwardly direction on Market Street at or near 31st Street. The plaintiff, driving a taxicab, came north on Woodland Avenue, and turned east on Market Street. His intention was to make a left turn at 31st Street and for that purpose, he pulled over to the curb on the right hand side. Looking back, he saw an automobile at 32nd Street. He extended his hand as a signal and proceeded to make the left turn and was across the first street car track, his rear wheels being in the space between the two tracks,

when defendant's car struck the rear end of the cab at the left side and turned it completely over. The testimony produced by the plaintiff shows conclusively that the defendant's car was going at a great speed, estimated by some witnesses as 45 miles an hour, and the jury could readily conclude that the driver was guilty of negligence in not abating the rapidity of his progress in order to allow the plaintiff's car to cross the street, and that if he had had his car under control, he could have easily avoided striking the plaintiff's and could have readily passed safely behind it. The plaintiff was proceeding to cross at a time when he had every reason to believe (if his statement be correct) that he could safely do so.

The court submitted the questions of defendant's negligence and plaintiff's contributory negligence to the jury in a very fair charge to which no exception was taken. There was a point for binding instructions, but as there was sufficient evidence to sustain the verdict, taking the plaintiff's testimony as verity, the refusal to enter judgment for the defendant was no error.

One of the assignments is founded upon the court's refusal to withdraw a juror owing to the alleged improper remark made by counsel for the plaintiff. The remark, referring to the defendant, was, "His client may have the money to send to Boston for a witness." The vice in this remark, defendant claims, is that it was calling attention of the jury to the "fact that the defendant was a man of means or a man who had money, and the payment of a verdict against him would probably cause little or no hardship." The record shows that this remark was called forth by defendant's counsel commenting on the failure of plaintiff to produce a certain witness residing in Wilmington. The latter statement was uncalled for because the witness was not within the jurisdiction of the

court. It was not shown that the evidence was within the control of a party whose interest it would naturally be to produce it: Ginder v. Bachman, 8 Pa. Superior Ct. 405. The comment of the counsel for plaintiff was not serious and we think did not imply, by any stretch of meaning, that the defendant was a rich man. It was rather a comment upon the difference between the facilities of the defendant to get a witness and the failure of the plaintiff to get one; both of the witnesses residing out of the state. Whatever the remark implied, we do not think it calls for a reversal. The numerous cases cited by the defendant in which there was a reversal due to the remarks of counsel are of no aid to us, for none are similar to the present case and each case must be necessarily decided on its own facts.

Another exception is to the refusal of the court to allow defendant to amend the transcript and charge of the court by striking therefrom the narrative of what occurred at the time objection was made to the remarks of plaintiff's counsel. A sufficient answer to this is that the trial judge states that the record, as we have it, is in entire accord with his recollection and that of the official court stenographer as to what actually happened. The request is to strike out all of the account of the occurrence except the remarks of the plaintiff's attorney. The objection is urged that the record presented was not, as to this part, a transcription of the full stenographic notes of the testimony, but a narrative composed by the trial judge in the privacy of his chambers applied to the whole narrative and would remove from the record the remarks of plaintiff's counsel as well as what else is stated, and there would be nothing before us in this regard.

The objection urged that the verdict of $800 is excessive is sufficiently answered in the opinion of the lower court denying judgment n. o. v. "Plaintiff, as a

result of this accident, lost three weeks' work without pay, and his average receipts were thirty-three dollars a week. He remained in Presbyterian Hospital for two or three hours, was dazed at the time of the accident, and went to bed. He went to see the doctor about every other day. The back of his head was hurt, his ear bled, every bone in his body hurt for two weeks afterwards, and he could hardly walk. Three days after the accident he began to vomit and has been vomiting frequently since then when he wakes up. At the time of the trial his shoulders still pained him.''

The objection that the judge made improper remarks during the progress of the trial, requires no comment except that the assignment does not set out the remarks nor give any reference to the place in the record where they appear.

We see no merit in any of the assignments and they are overruled and the judgment is affirmed.